IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:01CR81 |
| ) | |
| vs. ) | |
| ) | |
| ) | MEMORANDUM AND ORDER |
| RAYMOND A. BUTLER, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter is before the court on defendant's "Motion to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner Under 28 U.S.C. § 2255 (§ 2255)" (Filing No. 80), defendant's motion for necessary court records to support habeas motion pending (Filing No. 93), and Motion for Leave to Amend 28 U.S.C. § 2255 (Filing No. 98), Motion to Amend § 2255 Motion (Filing No. 101), and Objection to Motion to Amend § 2255 (Filing No. 102).

**FACTUAL BACKGROUND**

Defendant pleaded guilty to Count I of the Indictment charging him with Bank Robbery in violation of 18 U.S.C. § 2113(a) and Count III of the Indictment charging him with Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. 924(c)(1)(A)(ii). At sentencing, the court accepted the Presentence Investigation Report (PSR) and neither party objected. Defendant's sentence was enhanced pursuant to the career offender guideline U.S.S.G. § 4B1.1(c) because defendant was at least 18 years old at the time he committed the instant offense, the instant offense is a crime of violence, and the defendant had at least two prior felony convictions for crimes of violence. Based on the PSR, the

defendant's guideline sentence for Count I was 151-188 months. The defendant, however, moved for a downward departure arguing that the career offender designation overstated his criminal history in light of one of his prior convictions. The court granted the departure and sentenced defendant to 84 months for Count I and a consecutive 84 months on Count III. The United States appealed the sentence and the Eighth Circuit reversed and remanded for re-sentencing. *United States v. Butler*, 296 F.3d 721 (8th Cir. 2003). This court issued an amended judgment re-sentencing defendant to 151 months on Count I of the Indictment and 84 months on Count III of the indictment to run consecutively. After re-sentencing, the United States filed a motion pursuant to Fed. R. Crim P. 35 to reduce Butler's sentence, the court resentenced defendant to 84 months for Count I and 84 months for Count III to run consecutively, followed by concurrent terms of supervised release, three years on Count I and five years on Count III. The defendant filed a notice of appeal (Filing No. 55) but dismissed his appeal on August 8, 2003. (Filing No. 68).

In his initial § 2255 motion, defendant raises seven issues: (1) that he received ineffective assistance of counsel based on his counsel's failure to give notice to the court that defendant wished to assert a defense of insanity; (2) that his conviction was obtained by a coerced guilty plea; (3) that it was error to enhance defendant's sentence under the career offender statute because the district court ruled that the defendant's charge of burglary was non-violent; (4) that the court erroneously considered the defendant's prior arrest record as supporting the application of the career offender enhancement; (5) that defendant's counsel failed to file a notice of appeal; (6) that the conviction against defendant was obtained by a coerced confession; (7) that defendant does not recall being told of his *Miranda* rights prior to interrogation. After the government filed its answer and

2

supporting brief, defendant filed a motion to amend his § 2255 motion to include one additional issue: (8) that the use of the career offender enhancement in his case was in violation of recent case law, *Shepard v. United States*, 125 S. Ct. (2004). The court will grant the defendant's motions to amend and consider the defendant's arguments but will not require the government to file supplemental materials addressing these arguments because, on the face of the amended § 2255 motion, the claims fail.

## DISCUSSION

**Ineffective Assistance of Counsel Claims**

Defendant's First and Fifth claims are based on ineffective assistance of counsel. First, defendant claims that he received ineffective assistance of counsel because his attorney failed to give the court notice that defendant wished to plead an insanity defense. Next, defendant claims he received ineffective assistance of counsel when his attorney failed to file a notice of appeal.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984). In other words, Butler has the burden of proving: 1) deficient performance on behalf of counsel by demonstrating that his attorney's performance fell "below the minimum standards of professional competence" and 2) prejudice, by showing a reasonable probability that the result of the proceedings would have been different had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Butler must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 487 U.S. at 689.

With regard to defendant's first claim of ineffective assistance of counsel based on counsel's failure to raise the defense of insanity, defendant's trial counsel, Jeffrey L. Thomas, filed an affidavit with the court stating that prior to the change of plea hearing on July 3, 2001, defendant made no mention to counsel of any psychotic symptoms. Thomas stated that only after July 3, 2001 did defendant mention that he had been hearing voices at the time of the bank robberies. After defendant informed counsel that he had been hearing voices at the time of the robbery, counsel arranged for a psychiatric evaluation and sought any available records of defendant's past mental health treatments. Thomas stated that after receiving the psychiatric evaluation, the contents of the evaluation made it clear that the insanity defense was not cognizable in this case. The court has no reason to disbelieve defense counsel's statements; and, based on these statements, Thomas took the necessary steps to zealously represent his client and his performance did not fall "below the minimum standards of professional competence."

Furthermore, even if defendant had informed his counsel of his mental ailments earlier in the proceedings, defendant cannot prove the second prong of the *Strickland* test, that he was prejudiced by counsel's failure to act on this information. 18 U.S.C. § 17 states that "[i]t is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts . . . the defendant . . . was unable to appreciate the nature and quality or the wrongfulness of his acts." But, in the psychiatric evaluation dated October 24, 2001 by Dr. Bruce Gutnik, Dr. Gutnik stated that defendant was competent and capable to participate in his defense and was able to understand that his actions were illegal. Therefore, based on this record, defendant's first claim of ineffective assistance of counsel is denied.

Next, defendant claims that his counsel was ineffective for failing to file an appeal on his behalf.  Thomas stated in his affidavit that after the conclusion of defendant's case and sentencing he discussed an appeal with defendant, and explained to the defendant that because he was granted the downward departure his sentence was not subject to review.  Defendant choose not to file an appeal.  Furthermore, Thomas stated that after re-sentencing on remand he was successful in persuading the United States Attorney to file a Rule 35 motion in recognition of defendant's substantial assistance to the government.  Therefore, following sentence pursuant to the Rule 35 motion counsel advised defendant that the sentence would be unreviewable and an appeal was inadvisable.  Thomas stated that defendant agreed and expressed his agreement by signing a voluntary dismissal document which was filed with the Eighth Circuit Court of Appeals.  The record supports Thomas's statements, a notice of appeal was filed after resentencing (Filing No. 55) and was dismissed on August 8, 2003 (Filing No. 68).  It is clear that Thomas zealously represented his client at all stages of the proceedings and was successful in arguing a reduction in defendant's sentence twice.  Therefore, the defendant has failed to satisfy either prong of the *Strickland* test and defendant's second claim of ineffective assistance of counsel is denied.

**Challenges to Defendant's Designation as a Career Offender**

Defendant's Third, Fourth and Eighth claims challenge his designation as a career offender pursuant to U.S..S.G. § 4B1.1.  His third claim contends that it was error to enhance defendant's sentence under the career offender guideline because the district court ruled that the defendant's charge of burglary was non-violent,  his fourth claim states

that the court erroneously considered the defendant's prior arrest record as supporting the application of the career offender enhancement, and his amended § 2255 motion states that the use of the career offender enhancement in his case was in violation of the recent case law *Shepard v. United States*, 125 S. Ct. 1254 (2004).

On direct appeal by the government, the Eighth Circuit addressed the issue of defendant's designation as a career offender under the guidelines, by determining that the application of the career offender guideline did not overstate the seriousness of defendant's conduct that placed him within that guideline. Claims which were raised and decided on direct appeal cannot be relitigated in a motion to vacate pursuant to § 2255. See, e.g. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2000); *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). This court will not revisit the issue of defendant's designation as a career offender which was already decided on direct appeal.

Furthermore, defendant's claim that *Shepard* represents new case law that would alter his status as a career offender is baseless. Even if this case were applied retroactively, the issue in *Shepard* dealt with whether a sentencing court could look to a police report in making "general burglary" decisions under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and it does not have relevance to defendant's status as a career offender under the sentencing guidelines. *Shepard*, 125 S. Ct. at 1261-62. Therefore, defendant's claims are denied.

**Coerced Plea, Confession and Violation of *Miranda* Warnings**

Defendant's remaining claims contend that his plea and confession were coerced and he was not given his *Miranda* warnings. Defendant contends that counsel misled him

and coerced him into signing the plea agreement because his counsel told him that he would be charged as a career offender under the sentencing guideline and that a psychiatric evaluation would not aid him with his case. Further, defendant claims that law enforcement officers coerced his confession and did not give him his *Miranda* warnings.

With respect to the plea agreement, the information his attorney provided him with was accurate. He was charged as a career offender and the psychiatric evaluation he received could not assist him with an insanity defense. Defendant's arguments merely show that Thomas counseled him on the realities of his case. Furthermore, defendant completed a petition to enter a plea of guilty and signed the plea agreement and has provided no evidence that he was coerced to do so. (Filing No. 15). And, at the plea hearing, defendant stated that he freely and voluntarily entered into his plea and that he understood that the sentencing enhancements would apply. (Filing No. 89).

Moreover, the record does not support defendant's arguments that his confession was coerced and that he was not advised of his *Miranda* rights. In the affidavit of special agent Charles W. Kempf, accompanying the complaint, Kempf averred that after arresting defendant for a purse snatching, the Omaha Police Department and the FBI questioned him about bank robberies in the area. Kempf stated that prior to questioning, defendant was advised of his rights and subsequently signed the advice of rights form and stated that he would be willing to talk with the FBI. Defendant proceeded to admit that he had been involved in two of the robberies. Furthermore, at no time during the proceedings in this matter did defendant make a motion to suppress this confession and at the plea hearing the defendant gave up the right to challenge his confession. (Filing No. 89). Defendant

has not provided this court with any evidence to challenge this affidavit, or support his argument that this confession was coerced and that he was not advised of his rights.

Furthermore, all three of these issues are procedurally barred, as they were not raised in any manner at trial, sentencing, or on appeal. Butler has not overcome the procedural default by showing: 1) cause for the default; and 2) actual innocence. *McNeal v. United States,* 249 F.3d 747, 748 (2001).

For these reasons, the claims are denied.

IT IS ORDERED:

1. Defendant's § 2255 motion (Filing No. 80) is denied;

2. Defendant's motion for necessary court records to support § 2255 motion (Filing No. 93) is denied.

3. Defendant's leave to amend his § 2255 motion (Filing No. 98) is granted;

4. Defendant's Motion to Amend his § 2255 motion (Filing No. 101) is granted;

5. Plaintiff's Objection to Motion to Amend defendant's § 2255 (Filing No. 102) is denied.

6. A separate judgment will be issued; and

7. The clerk for the court shall provide a copy of this Memorandum and Order to the defendant at the address of record for his current place of incarceration.

DATED this 6th day of February, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge