IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:01CR81 |
| ) | |
| vs. ) | |
| ) | MEMORANDUM AND ORDER |
| RAYMOND A. BUTLER, JR., ) | |
| ) | |
| Defendant. ) | |

Before the court is Filing No. 116, the "Motion to Vacate/Void Judgement" per Rule 60(b)(6) filed by the defendant, Raymond A. Butler, Jr. Because the defendant's motion challenges the basis for his conviction and sentence, the court construes defendant's motion as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (a "§ 2255 motion"). In Filing No. 103 and Filing No. 104, this court denied the defendant's previous § 2255 motion (Filing No. 80). Having reviewed Filing No. 116, the court finds that the motion is properly characterized as a successive § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposed procedural requirements on federal prisoners, like the defendant, who wish to file "second or successive" motions to vacate their sentences. AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application. Also, 28 U.S.C. § 2255 provides that a second or successive § 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244.

28 U.S.C. § 2244(b) states:

(1)  A claim presented in a second or successive habeas under section 2254 that was presented in a prior application shall be dismissed.

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)  (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be

>     appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

Similarly, 28 U.S.C. § 2255(h) states, in pertinent part:

>     A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;  or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See also In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997) ("The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'").  The Eighth Circuit has indicated that when, as in this case, a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction. *See Boykin v. United States*, 2000 WL 1610732 at *1 (8th Cir. 2000) ::

>     Under AEDPA, federal prisoners may not file "second or successive" § 2255 motions without an appropriate certification from the circuit court.  See 28 U.S.C. §§ 2255, 2244(b). The rule is absolute. Prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court. . . .
>
>     Because Boykin failed to comply with the certification requirement, the district court lacked the power and authority to entertain Boykin's motion. . . . We therefore vacate the judgment and remand the case.  On remand, the district court shall dismiss Boykin's motion for lack of jurisdiction.

The defendant's second § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255. Therefore, Filing No. 116, the "Motion to Vacate/Void Judgement" per Rule 60(b)(6) filed by the defendant, Raymond A. Butler, Jr., is denied.

THEREFORE, IT IS ORDERED that defendant's "Motion to Vacate/Void Judgement," Filing No. 116, is denied as a successive petition.

DATED this 9th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge